RICHARD RICE

v.

LARRY MYERS, ET AL

Docket No: 3:02CV1608(JBA) JGM

Date: December 15, 03

DEC 1 0 2003

## MEMORANDUM OF LAW IN SUPPORT OF RELEASE FROM ILLEGAL CONFINEMENT & TRO

Pursuant to Rules of FEDERAL COURT, the petitioner is entitled to injunction and an TRO, under 42 U.S.C. § 1983,

## STATEMENT OF FACTS:

As statements within the motions, and declaration state, in connection to this motion, the petitioner has completely used all his administrative remedys to no appropriate ends, up. He has attempted to utilize his State Courts remedys and believes they to are exhausted, and he has now brought his claims before this Court. At all times his actions durning these events have been appropriate and fair, ie, allowing at least two time extentions, and refusing the impolite attemp at a 3rd time extenion,

The defendants against whom relief is sought were, are, respectively, the N.C.I. Prison Administrators, Subordinate members, and Classification Committee members.

## ARGUMENT
## POINT 1

The petitioner is entitled to a temporary restraining order and Pre-trail summary Judgment, and release.

(A) The petitioner will continue to suffer loss of good time he is entitle to, which will amount to and irreparable injury, because he will max out on his sentence, his confinement within the deprivation units are an hardship he has endured, under the aspersersion that he needed mental modification and programing. Because of the exhibits, the year long history of D.R. free, the baseless and fantastic reasons for denining the petitioner there is an strong lickly hood of success and the public interest. Each of these factors favors the grant of these MOTION(S) as a matter of law, the continuing

(B) The defendants will suffer "Absolutely Nothing", they will experience the saving of about 30 to 35 thousand tax payers dollars, because he will get his good time back and be released --- Something the defendants do, and are obligated to do, for them members of the Departments' prison population on a daily basis. The defendants' hardship amounts to no more then business as useal.

## POINT 2

(C) The petitioner has a greate likelihood ~~of~~ to succeed on the merits.

The petitioner has a greate likelihood of success on the merits. What the defendants have done was specifically singled out by the United States Supreme Court as an example of alleged facts that rise to the level of irrational, Fantastic, delusional Scenarios, or wholly incredible, whether or not there are judicially noticable facts available to contradict them, See, Denton -V- Hernandez, 504 U.S.___, 112 S.Ct. 1728 (1992), the defendants attempt to search for an actural example of his poor attude "during the year pluse", with out ~~~~ an D.R. and can not find one.

(D) The relief sought will serve the public interest

POINT (3)

In this case, the grant of relief will serve the public interest because it always in the public interest for prison officials to obey the law. Duran -V- ~~Ana~~ Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the State's Correctional System, is in it's self a matter of the highest public interest."; See also Llewelyn -V- Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975) ("the Constitution is the ultimate expression of the public interest").

POINT (4)

THE ~~PETITI~~ PETITIONER SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule (65(c)) F.R.C.P. However, the plaintiff is an indigent prisoner and is unable to

deprivation of constitutional rights constitutional rights constitutes Irreparable harm. Elrod -v- Burns, 427 U.S. 347, 373, 96 S.Ct. 2679 (1976). This principle has been applied into prison litigation generally, See Newsom -v- Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell -v- Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); Albro -v- County of Onondaga, N.Y., 627 1409 (N.D. Ill. 1986), aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct 879 (1989).

POINT (5)

B) The Balance of hardships favors the petitioner.

In deciding whether or not to grant a TRO, and or any injunctions, the court is reminded that the petitioner is denied his motion, his suffering will out- -weigh the suffering outweigh the suffering of the Non-moving party See, e.g., Mitchell -v- Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)

POINT (6)

In this case, the present suffering of the petitioner, and his protential suffering is the permant loss of time with his FAMILY, and his freedom. He has already been sencentenced to give days of his life as payment to society.

post security. The Court has discretion to excuse an impoverished litigant from posting security. The Court(s) has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez-v-. Smith, 541 F.Supp.351, 385 n. 30 (C.D. Cal. 1982); J.L.-v-Parham, 412 F. Supp. 112, 140 (D. Ga. 1976), rev'd on other grounds, 442 U.S. 584, 99 S. Ct. 2493 (1979). In view of the serious hardship confronting the petitioner, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in its entirety.

DATE: December 3, 2003
NAME: Richard Rice / Richard Rice / Richard Rice
   Address: Northern. C.I. P.O Box 665 Somers CT 06071-0665. Declaration under penalty of perjury. The undersigned declares under penalty of perjury that he has read the above Motion/Memorandum of law and that the info contained herein is true and correct. 28 U.S.C.§1746; 18U.S.C.§1624 Executed @ Northern. C.I. on December. 3erd. 2003
   Back for Signature

# CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day of December 2003:

Richard T. Biggar
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar # ct 05228
E-Mail: Richard.Biggar@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

Richard Rice #137358
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

Richard Rice
*Richard Rice*