Richard Rice
v.
Larry Myers, et al.

FILED
2004 APR -5 P 2:33
U.S. DISTRICT COURT
BRIDGEPORT, CONN

DOCKET NUMBER: 3:02CV1608
(JBA)(JGM)

DATED: March 29, 04

BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR PRE-TRAIL SUMMARY JUDGMENT AND RELEASE

Statement of the Case:

This is a _HABEAS CORPUS_ action filed by a prisoner @ NORTHERN. C.I. seeking declaratory Judgment and injunctive relief based on his continued confinement within the NORTHERN. C.I.'s ~~mental~~ deprivation units and mental modification Program(s) and phases; the denial of procedural due process. In this motion the petitioner seeks Summary Judgment on his claims, arising from, the denial of equal protection of the law, and due process.

STATEMENT OF FACTS:

As set forth in the accompanying declaration of the Petitioner, Richard Rice, C.J.S. # 137358, since June 20th 2001, until the present date, he has been held at Northern. C.I. within the Administrative Segregation deprivation unit(s) and/or behavior modification programs.

ARGUMENT
POINT (1)

The Conduct of the Petitioner's Classification Hearing By "ALL THE DEFENDANTS" Denied Him The Due Process of Law

When prison officials subject inmates to serious punishments like Admenistrative Segregation, they must observe the Safe gards of due process. Wolff-v-McDonnell, 418 U.S. 539, 556-59, 94 S.Ct. 2963 (1974); Gilbert-v-Frazier, 931 F.2d 1581, 1582 (7th Cir.1991). All the Defendants, who made up the classification committee, who held the hearing, and up held the committees' ruleing violated due process requirements in these

(A) The Pettioner Was Deprived of Statutory "Good TIME".

In Wolff, the Court held that due process entitles prisoners facing loss of Statutory good time to Notice of the charges, a written statement of the EVIDENCE BEHIND THE DECISION, and the reasons for the punishment imposed, a limited Right to call witnesses and present documentary evidence at a hearing. The plaintiff was never even allowed to come to his own hearings

③

Conjure magical reasons to continue A.S. In addition, there is no question that these magical reasons are in fact hypothetical assumptions which are not physical evidence of any on the substantive predicates within exhibit ___. If this justification were accepted, it would effectively abolish the need for evidence, in its absence, "Marry and her little lambs" uneventful hardships could be used to continue the plaintiff on (A.S.).

UNSUPPORTED BY ANY evidence, denied due process, Just like in, Superintendent -V- Hill, 472 U.S. 445, 457, 105 S. Ct. 2768 (1985) in this case, there was no evidence to support the charge of inciting a riot.

The Petitioners continuence on (A.S.) had was not based upon "anything" that could support the hearings finding, and his year long history of NO D.R's in and of it's own self is testimony of what his true attude was. See, Wolff v. McDonnell, 418 U.S. at 565, quoting Morriss v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593 (1972)

Defendants, Christine Whidden, Karl Lewis, Michael Zacharewicz, Maurice Butler, William Faneuss, John Kay, Kim Weir, and Paul Chaplain ARE ALL LIABLE FOR THE DUE PROCESS VIOLATIONS BY REASONS OF THEIR FAILURE TO CORRECT THEM ON ADMINISTRATIVE APPEAL.

### LIABLE DEFENDANTS

Although some of the defendants have less power, all are supervisors, and learned of these violations and failed to protect me, and correct them by allowing me to advance through the program, Williams-v-Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). They all have the duty to correct, and conduct "an investigation" when confronted with evidence of due process violations, and they failed to, King v. Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Gabai-v-Jacoby, 800 F.Supp. 1149, 1156 (S.D.N.Y. 1992) It can not be argued that the defendants did not learn of the due process violations in this case, per exhibits "All of them" 42 U.S.C. §1983. Aswegan v. Bruhl, 965 F.2d 676, 677 (8th Cir. 1992);

Wherefore, the Petitioner request this court

Respectfully Submitted

DECLARATION UNDER PENALTY OF PERJURY
The Undersigned declares under penalty of perjury that he is the Petitioner in the action/motion above and has read the contents and it is true and correct.
28 U.S.C. § 1746; 18 U.S.C. § 1621

Executed @ Northern. C.I.   on  MArch  29th 2004

Richard Rice   #137358
Petitioner's Orginal Signature

(7)

the Pettioner contends that just like in, Wolss-v- McDonnel, 418 U.S. at 571-72 continued confinement in to A.S. caused him to lose "good time" and that his hearing created an liberty interest protected by due process.

B) DEPRIVATION OF PRIVILEGES:
Taylor-v- Koon, 682 F.Supp. 475, 477-78 D.Nev. 1985) See Clark-v- Brewer, 776 F.2d 226, 235 (8th Cir. 1985) (adminstrative segregation should be allowed to call witnesses if their confinement is to be extended based on a rules violation).

C) The pettioners' continued confinement:

The Pettioners' continued confinement on A.S. during the year long search for justice, and advancement was and is based upon a indisputably excessive and irrational ~~~~~~~~~ Claims, these Claims of Poor Attude, exists only within the imagination of the desendants The desendants are not allowed to —

The petitioner contends that he has satisfied all listed criteria as evendenced within Exhibit attached hereinto. For over a year he had satisfied, ie remained (D.R) free, however, Classification Agents refused to advance the (D.R) FREE petitioner during his year long adveture in search of his rights. Prison directives called for the petitioners' advancement, and as well his demeanor fell into unity to all, Standards of "GOOD BEHAVIOR" When he went way beyound the Needed requirements for advancements

The Classification Committee @ Northern. C.I. Statedd that the petitioners' attude was poor and he was denined progress.

No evidence was submitted at these hearings in support of these claims, "POOR ATTUDE".

No evidence was submitted to this petitioner ever in support of the Classification committees' claims of Just what defined this "poor attude". The petitioner filed informal request, appealed to the warden, filed Statements and appealed to the Commissioner of Corrections to No avail

① D.R means an A.S Disciplinary Report for poor behavior.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 29 day of MARCH 2004.

Richard T. Biggar
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar # ct 05228
E-mail: richard.biggar@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-6591

Richard Rice #137358
Northern Correctional Institution
P.O Box 665
Somers, Ct 06071